UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LISA DELORENZO and
JUSTIN DELORENZO,                                                              Plaintiffs,

v.                                                          Civil Action No. 3:18-cv-417-DJH

NATIONSTAR MORTGAGE, LLC,                                                      Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant Nationstar Mortgage, as servicer of Plaintiffs Lisa DeLorenzo and Justin DeLorenzo's home mortgage, failed to pay the DeLorenzos' property taxes. (Docket No. 1, PageID # 3) Due to the tax delinquency, foreclosure proceedings were instituted against the DeLorenzos' home. (*Id.*) The DeLorenzos sold sentimental personal property to pay off the debt and avoid foreclosure. (*Id.*) They then brought this action, alleging that Nationstar violated the Real Estate Settlement Procedures Act and breached their mortgage agreement. (*Id.*, PageID # 4) Nationstar has moved to dismiss the DeLorenzos' complaint for failure to state a claim. (D.N. 8-1) After careful consideration, the Court will grant Nationstar's motion.

**I.     BACKGROUND**

The following facts are set out in the complaint and accepted as true for purposes of the present motion. *See Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005). The DeLorenzos granted a mortgage on their home to Mortgage Electronic Registration Systems, Inc. (D.N. 1, PageID # 2) The mortgage included an escrow account into which the DeLorenzos' prepaid property taxes. (*Id.*, PageID # 3) Seneca Mortgage Servicing initially serviced the DeLorenzos' mortgage but transferred servicing rights to Nationstar. (*Id.*) Nationstar, as servicer, was obligated to pay property taxes on the DeLorenzos' behalf by making disbursements from the

1

escrow account. (*Id.*) However, Nationstar did not pay the DeLorenzos' property taxes for the 2016 calendar year. (*Id.*) As a result, the Jefferson County Attorney sold a certificate of delinquency to Twinbrook, LLC in July 2017. (*Id.*)

Twinbrook contacted the DeLorenzos multiple times in 2017 seeking payment for the tax debt. (*Id.*) The DeLorenzos notified Nationstar of Twinbrook's payment request, but Nationstar did not immediately intervene. (*Id.*, PageID # 3-4) On January 9, 2018, Twinbrook instituted foreclosure proceedings and served the DeLorenzos with its complaint while the DeLorenzos' family members were visiting. (*Id.*) Being served with a complaint in front of family members caused the DeLorenzos extreme embarrassment, humiliation, and emotional distress. (*Id.*) The DeLorenzos then elected to sell sentimental personal property at a loss so that they could pay the tax delinquency. (*Id.*) In March 2018, Nationstar reimbursed the DeLorenzos for the amount they paid to Twinbrook. (*Id.*) The DeLorenzos then sent Nationstar a qualified written request (QWR) on April 3, 2018, asking Nationstar to correct its errors and compensate them for their emotional distress. (*Id.*) Nationstar sent an acknowledgment of the QWR on April 12, 2018, and a response to the QWR on April 27, 2018. (D.N. 8-1, PageID # 22; D.N. 8-2; D.N. 8-3)

The DeLorenzos then filed this action, asserting that Nationstar violated the Real Estate Settlement Procedures Act[1] by failing to properly pay their property taxes, correct its errors, and promptly respond to their QWR. (D.N. 1) In connection with the RESPA claim, the DeLorenzos seek actual damages for emotional distress, anxiety, humiliation, lost personal property, and attorney fees, as well as additional damages due to Nationstar's alleged pattern of noncompliance. (*Id.*) The DeLorenzos also contend that Nationstar breached the terms of their mortgage

---

[1] 12 U.S.C. § 2605(e).

agreement. (*Id.*, PageID # 5-6) Nationstar asks the Court to dismiss both of the DeLorenzos' claims on the ground that they do not satisfy the federal pleading standard. (D.N. 8-1)

II. **STANDARD**

To survive a motion to dismiss for failure to state a claim, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To satisfy this standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This requires the plaintiff to present enough factual matter to support each element of each claim. *Id.*; *see also Trs. of Detroit Carpenters Fringe Benefit Funds v. Patrie Constr. Co.*, 618 F. App'x 246, 252 (6th Cir. 2015).

When evaluating whether this pleading standard has been satisfied, the Court must accept the plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Trs. of Detroit Carpenters*, 618 F. App'x at 251; *Hill*, 409 F.3d at 716. The Court may consider a document referred to in the complaint if the document is central to the plaintiff's claims. *Alshaibani v. Litton Loan Serv., LP*, 528 F. App'x 462, 464 n.1 (6th Cir. 2013); *Nixon v. Wilmington Tr. Co.*, 543 F.3d 354, 357 n.2 (6th Cir. 2008); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

III. **DISCUSSION**

A. **RESPA**

For a RESPA claim to survive a motion to dismiss, the plaintiff must allege sufficient facts to allow the Court to reasonably conclude that the defendant's RESPA violation caused the plaintiff's damages. *Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 721 (6th Cir. 2013) (finding

a causal link where Marais alleged that she would not have made additional interest payments on the principal balance of her loan if the defendant had not violated RESPA by inaccurately responding to her QWR); *Houston v. U.S. Bank*, 505 F. App'x 543, 547 (6th Cir. 2012); *Miller v. Caliber Home Loans, Inc.*, No. 3:16-CV-621-DJH-DW, 2018 WL 935439, at *4 (W.D. Ky. Feb. 16, 2018). Although RESPA states that only "actual damages" are available, the Sixth Circuit has found that actual damages can include emotional damages, so long as they are sufficiently pleaded and a causal link is established. *Houston*, 505 F. App'x at 548 n.6; *see also* 12 U.S.C. § 2605(f).

The Plaintiffs allege that Nationstar violated RESPA by failing to respond properly to their QWR, correct its errors, and reimburse them for their damages. (D.N. 1, PageID # 5) They further contend that Nationstar's violations caused them to suffer emotional distress, anxiety, embarrassment, humiliation, and loss of personal property. (*Id.*) The DeLorenzos concede, however, that these damages were incurred *prior* to Nationstar's alleged RESPA violations. (D.N. 1, PageID # 5) The complaint plainly states that Twinbrook's initiation of foreclosure proceedings and service of the foreclosure complaint in January 2018 caused the DeLorenzos to suffer emotional distress. (*Id.*, PageID # 4-5) The complaint further asserts that Nationstar reimbursed the DeLorenzos on March 2, 2018 for the unpaid property taxes but did not reimburse them for their "emotional distress, anxiety, embarrassment, humiliation, or the value of the personal property they had to sell" at that time. (*Id.*, PageID # 4) Only then did the DeLorenzos send a QWR to Nationstar. (*Id.*)

A servicer's duties under RESPA are triggered by receipt of a QWR. *Martini v. JPMorgan Chase Bank, N.A.*, 634 F. App'x 159, 163 (6th Cir. 2015); *see also* 12 U.S.C. § 2605(e). Because RESPA imposed no duties on Nationstar until the DeLorenzos sent the QWR, there can be no RESPA violation prior to April 2018. *Martini*, 634 F. App'x at 163. The DeLorenzos' alleged

damages thus arose before any possible RESPA violation by Nationstar, and there is no causal link between those damages and Nationstar's alleged RESPA violation. *See Marais*, 736 F.3d at 721; *Houston*, 505 F. App'x at 546 (finding that pleading requirements were satisfied by the plaintiff's allegation that the defendant's failure to properly respond to her QWR caused her emotional distress, but that the plaintiff did not sufficiently plead damages resulting from a foreclosure that was initiated before she sent the QWR). Their claim for actual damages therefore fails. *See Houston*, 505 F. App'x at 546.

If a plaintiff does not establish a claim for actual damages under § 2605(f)(1)(A), she may not recover additional damages under § 2605(f)(1)(B). *Lewis v. PNC Bank, N.A.*, No. 3:17-CV-220, 2018 WL 6249989, at *8 (S.D. Ohio Nov. 29, 2018); *Kantz v. Bank of Am.*, N.A, No. 3:17-CV-00051, 2018 WL 1948164, at *6 (M.D. Tenn. Apr. 25, 2018). Because the DeLorenzos failed to state a plausible claim for actual damages under RESPA, their claim for additional damages likewise fails. *See* 12 U.S.C. § 2605(f)(1); *Kantz*, 2018 WL 1948164, at *6; *see also Lewis*, 2018 WL 6249989, at *8.

### B. Breach of Contract

The Court will also dismiss the DeLorenzos' breach-of-contract claim. This action was filed on the basis of federal-question jurisdiction pursuant to 28 U.S.C. § 1331. (D.N. 1, PageID # 2) Under § 1331, federal courts have jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." Claims satisfy the "arising under" requirement of § 1331 if a federal law creates the asserted cause of action or if the claim necessarily raises a stated federal issue. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1570 (2016). In civil actions where the Court has federal-question jurisdiction, the Court also has supplemental jurisdiction over related claims that form part of the same case or controversy. 28

U.S.C. § 1367. If claims over which the Court has federal-question jurisdiction are dismissed, the Court should dismiss any remaining state-law claims. *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 585 (6th Cir. 2011) (citations omitted); *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also* 28 U.S.C. § 1367(c)(3).

When this action was filed, the Court had federal-question jurisdiction over the DeLorenzos' RESPA claim and supplemental jurisdiction over their contract claim. *See* 28 U.S.C. §§ 1331, 1367. Because the DeLorenzos' RESPA claim will be dismissed, the Court will dismiss their breach-of-contract claim, without prejudice. *See Packard*, 423 F. App'x at 585; *Experimental Holdings, Inc.*, 503 F.3d at 521; *see also* 28 U.S.C. § 1367(c)(3).

## IV. CONCLUSION

For the reasons explained above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Defendant Nationstar Mortgage, LLC's motion to dismiss (D.N. 8) is **GRANTED**. This action is **DISMISSED** and **STRICKEN** from the Court's active docket.

February 27, 2019

**David J. Hale, Judge**
**United States District Court**